# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12CV590-MOC-DSC

| | |
|---|---|
| MARY HAGGINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| DENNIS PHILLIPS, et. al., | ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court following the pro se Plaintiff's failure to respond to the Defendants' "Motion To Dismiss" (document #5) filed September 14, 2012 and the Court's "Order" (document #6) entered October 10, 2012 pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

The District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Because dismissal is a severe sanction, the District Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit therefore requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916

F.2d 171, 174 (4th Cir. 1990).

Applying those legal principles, the Court concludes that dismissal for failure to prosecute is the appropriate remedy for Plaintiffs' failure to respond to Defendants' Motion to Dismiss and the Court's Order. Given Plaintiffs' decision to abandon her claims for all practical purposes, there is no reason to believe that any less severe sanction would be effective.

The Court has also reviewed Defendants' "Memorandum in Support, " at 7-10 (document #5-1), and concludes that Plaintiff's claims are barred by res judicata. Southern Pacific R.R. v. United States, 168 U.S. 1, 48-49 (1897) ("[F]undamental precept of common-law adjudication, embodied in the ... doctrine[] of ... res judicata is that a [claim] ... put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties."). The three necessary elements for res judicata to apply are: (1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action. See, e,g,, Montana v. United States, 440 U.S. 147, 153 (1979); Pittson Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999); Meekins v. United Transportation Union, 946 F.2d 1054, 1057 (4th Cir. 1991); Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990); Keith v. Aldridge, 900 F.2d 736, 740 (4th Cir. 1990); Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc., 892 F.2d 355, 359 (4th Cir. 1989). Under the doctrine of res judicata, a prior judgment bars the re-litigation of claims that were raised or could have been raised in the prior litigation. See Pittson, 199 F.3d at 704; Meekins, 946 F.2d at 1057; Peugeot, 892 F.2d at 359.

The claims and parties in this action are substantively identical to the action Plaintiff filed in this Court in Haggins v. Carolinas Medical Center-Mercy, NCWD File No. 3:09-CV-78-GCM. On March 29, 2010, the Honorable Graham C. Mullen granted Defendants' motion for summary

judgment dismissing all claims brought against them. Haggins v. Carolinas Medical Center-Mercy, No. 3:09-CV-78-GCM, 2010 WL 1380310 (W.D.N.C. March 29, 2010). Accordingly, Plaintiff's present claims are barred by res judicata.

For each of these reasons, the undersigned respectfully recommends that Defendants' Motion be granted and the Complaint be dismissed with prejudice.

**ORDER**

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion To Dismiss" (document #5) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

**NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from

raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: October 31, 2012

David S. Cayer
United States Magistrate Judge